# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> AMBROSE TYNDALL, <br><br> Defendant. | No. CR10-4019-DEO <br><br> **REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

## *I. INTRODUCTION*

On August 30, 2010, the defendant Ambrose Tyndall was sentenced by the Honorable Donald E. O'Brien, pursuant to 18 U.S.C. § 2250(a), to twelve months and one day of incarceration and five years' supervised release on a charge of failure to register as a sex offender. *See* Doc. Nos. 1 & 41. After completing his federal prison term, Tyndall began serving his term of supervised release on March 9, 2011.

On July 21, 2011, the court revoked Tyndall's supervised release and sentenced him to thirty days' imprisonment, followed by placement at a residential reentry center ("RRC") for six months, during which time he would participate in outpatient substance abuse treatment. The court also reimposed a term of one year of supervised release upon Tyndall's completion of his placement at the RRC. Doc. No. 56.

On August 11, 2011, Tyndall began his second term of supervised release in which he resided at an RRC in Fort Dodge, Iowa. On August 30, 2011, Tyndall was arrested for violation of the RRC's rules regarding use of alcohol. On August 31, 2011, Tyndall was released from custody and reported back to the RRC. Because of the RRC's zero-tolerance policy regarding alcohol, Tyndall was denied reentry into the facility, and a warrant was issued for his arrest.

On September 7, 2011, the court revoked Tyndall's supervised release for failing to comply with RRC rules and using alcohol, and sentenced him to three months' imprisonment and a five-year term of supervised release. Doc. No. 69. On November 30, 2011, the court modified Tyndall's supervision for Tyndall to reside at the Omaha Alcohol Program for up to 180 days. Doc. Nos. 74 & 75.

Tyndall began substance abuse treatment at the Omaha Alcohol Program in February 2012. On March 6, 2012, Tyndall was permitted to leave temporarily the program's facility, but he appeared to be intoxicated upon his return. The Omaha Tribal Police Department detained Tyndall in jail overnight, but no new charges were filed.

On March 7, 2012, upon his release from jail, Tyndall returned to the Omaha Alcohol Program to collect his personal effects and then left. On March 9, 2012, the Sioux City Police Department arrested him and charged him with public intoxication.

On March 9, 2012, Officer Kraemer filed a petition (which she supplemented on March 12) for issuance of a warrant for Tyndall's arrest based on alleged violations of his conditions of supervised release. Doc. Nos. 77 & 79. Officer Kraemer alleged that Tyndall used alcohol on March 6 and 9, 2012. Officer Kraemer further alleged that Tyndall absconded from his placement at the Omaha Alcohol Program. Officer Kraemer finally alleged that Tyndall committed a new law violation by being charged with public intoxication, a simple misdemeanor punishable by up to thirty days' imprisonment in lieu of, or in addition to, a fine. *See* Iowa Code §§ 123.46(2), 903.1(1)(a).

The undersigned held a revocation hearing on March 14, 2012. At the hearing, the government was represented by Assistant United States Attorney Robert Knief. Tyndall appeared in person with his attorney, Assistant Federal Public Defender Michael Smart. Neither party offered the testimony of any witnesses.

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States*

*v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The district court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

At the hearing, Tyndall admitted to all of the violations alleged in the revocation petition. Accordingly, the court finds by a preponderance of the evidence that Tyndall violated the terms and conditions of his supervised release. Having so found, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether the defendant's term of supervised release should be terminated, extended, modified, or revoked. Although the court is not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), the relevant factors are set forth here for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed –
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care,

> > > or other correctional treatment in the most effective manner;
>
> > . . . .
>
> > (4) the kinds of sentence and the sentencing range established for –
>
> > > . . . .
>
> > > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> > (5) any pertinent policy statement –
>
> > > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> > > (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
> > (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> > (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). After considering these factors, the court may terminate, extend, revoke, or modify the term of supervised release as set forth in § 3583(e).

## II. DISCUSSION OF REMEDY

Officer Kraemer recommends that Tyndall's term of supervised release should be revoked and that he should be sentenced to a term of imprisonment of six months. At the hearing, neither party contested Officer Kraemer's recommendation. The court turns to consideration of the factors set forth in 18 U.S.C. § 3553(a).

### A. *Nature and circumstances of offense, and Tyndall's history and characteristics*

Tyndall's original offense arose from his failure to register as a sex offender after previously having been convicted of a misdemeanor crime of sexual assault. The nature of the offense and the length of Tyndall's federal sentence indicate that the crime was serious.

Tyndall exhibits a significant problem with alcohol addiction. The majority of his criminal activities have involved his use of alcohol. Absent some type of treatment for alcoholism, there is little likelihood that Tyndall will be able to refrain from continuing to violate the law. However, because all the RRCs in this district have denied his case and because Tyndall has no stable family with whom he can reside, he has exhausted all residency options in this district.

### B. *Deterrence of criminal conduct*

Any modification of supervised release imposed upon Tyndall must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Although Tyndall is facing a prison term of up to 12 months, the court finds that imposing a lengthy term of imprisonment is not necessary to deter further criminal conduct by Tyndall. Rather, the court finds incarceration for a term of three months is a sufficient deterrent.

*C.     Protection of the Public from Further Crimes*

Any modification of Tyndall's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). The court finds that three months' incarceration is sufficient to protect the public from further crimes while Tyndall recovers from the effects of his alcohol use.

*D.     Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

As discussed above, it is evident from Tyndall's history that he has a significant problem with alcohol addiction, and he is in need of treatment to prevent further alcohol-related criminal activity.

*E.     Sentencing Considerations*

The statute requires the court to consider pertinent policy statements issued by the United States Sentencing Commission, in effect at the time of Tyndall's sentencing. 18 U.S.C. § 3553(a)(5). The court finds two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. The most serious of Tyndall's violations is a Grade C violation, which consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." Having so found, the court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).

Should the court revoke Tyndall's supervised release, his recommended range of imprisonment pursuant to the Sentencing Guidelines would be six to twelve months, with a maximum statutory imprisonment of two years. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3); *United States v. Marrow Bone*, 378 F.3d 806, 808 (8th Cir. 2004) ("[I]f the original sentence was a Class C felony, § 3583(e)(3) dictates that the revocation sentence may not exceed 24 months." (citing *United States v. Hensley*, 36 F.3d 39, 42 (8th Cir. 1994))).

## F. *Sentencing Disparities*

The final consideration is whether the court's decision here will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The court finds it will not.

## G. *Recommendation*

The undersigned has given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and **recommends as follows**. Although the recommended term of imprisonment for a Grade C violation is six to twelve months in light of Tyndall's criminal history category of IV, the undersigned recommends that Tyndall be sentenced to a term of imprisonment of three months.

> The Eighth Circuit has
>
> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory. There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)). Failure to provide written

7

reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission. *Id.* at 739; *accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline."). "The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

In light of the foregoing, the court finds that a sentence of three months' incarceration, with no term of supervised release to follow, furthers the goals of deterrence and incapacitation, reflects the seriousness of Tyndall's revocation conduct, and provides just punishment for such conduct. Although the court recognizes under 18 U.S.C. § 3582(a) "that imprisonment is not an appropriate means of promoting correction and rehabilitation," the court has considered, as noted above, the sentencing purposes outlined in § 3553(a), including promoting respect for the law. *Jasper*, 338 F.3d at 867. Such a sentence is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2). 18 U.S.C. § 3553(a).

## III. CONCLUSION

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[*] to this Report and Recommendation, that the Government's motion to revoke Tyndall's supervised release be **granted**, consistent with the above report.

---

[*] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.

Objections must be filed **by April 2, 2012**.  Responses to objections must be filed **by April 16, 2012**.  However, the court urges the parties to file any objections and responses as soon as possible to allow the district court to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 14th day of March, 2012.

*/s/ Paul A. Zoss*
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT